UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Dwight Patent 10945 Mining, LLC,

    Plaintiff

v.

HML Investments, et al.,

    Defendants

Case No. 2:19-cv-01357-JAD-NJK

**Order Adopting Report and Recommendation and Dismissing Claims against Louis Monteleone, the United States, and HML Investments**

[ECF No. 49]

    Plaintiff Dwight Patent 10945 Mining, LLC brings this quiet-title action to settle disputed rights in a parcel of property on which the City of North Las Vegas maintains a water tank. In addition to the City, Dwight named as defendants Louis Monteleone, the United States of America, and HML Investments. Because no proof of service was filed to demonstrate that these additional defendants were served within the 90-day service window under Federal Rule of Civil Procedure 4(m), the court ordered Dwight to show cause by March 4, 2020, why this action should not be dismissed against those defendants.[1] Dwight did not respond to that order to show cause, so the magistrate judge recommends that the claims against Monteleone, the United States, and HML be dismissed under FRCP 4(m) for lack of service.[2] The deadline to object to that recommendation passed without objection or any request to extend the deadline to file one. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[3]

---

[1] ECF No. 43.

[2] ECF No. 49.

[3] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[4] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the claims against these unserved defendants. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[7] and that warning was given here.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 49.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 49] is ADOPTED** in full;

IT IS FURTHER ORDERED that **the claims against Louis Monteleone, HML Investments, and the United States of America are DISMISSED** without prejudice under FRCP 4(m).

Dated: April 15, 2020

_____
U.S. District Judge Jennifer A. Dorsey