UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT PATENT 10945 MINING, LLC,<br>　　Plaintiff(s),<br>v.<br>CITY OF NORTH LAS VEGAS,<br>　　Defendant(s). | Case No.: 2:19-cv-01357-JAD-NJK<br>**ORDER**<br>[Docket Nos. 60, 64] |

　　The discovery process in a federal court is governed by federal law. Defendant has filed a motion for dismissal sanctions, which provides a block quotation of two federal rules and then discussion of standards used in state court. Docket No. 60 at 4-5. No citation is made to federal case law. No articulation is provided as to the standards governing a request for dismissal sanctions in federal court. Apart from the block quotation to the federal rules, Defendant provides approximately one and half pages of discussion. Docket No. 60 at 4, 6. The Court has already made clear that it would not rule on such an undeveloped request. Docket No. 46.[1]

　　Plaintiff filed a response to the motion that similarly provides cursory discussion with block quotation to a federal rule and citation to state law precedent. Docket No. 64 at 3-4. Plaintiff also filed a half-page countermotion for its own request for dispositive sanctions against Defendant.

---

[1] The more significant the relief sought, the more robust the supporting factual and legal analysis must be. *See Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). The shortcoming here is particularly egregious in that Defendant seeks case-dispositive sanctions.

1

*Id.* at 4. This countermotion is deficient for the same reasons as the motion. Plaintiff's countermotion is defective for an additional reason in that it seeks dispositive sanctions for the sole reason that Defendant has sought them. *See* Docket No. 64 at 4. A motion that amounts to a playground taunt of "I know you are, but what am I" is not a sound basis to impose case-dispositive sanctions. *Cf. Rood v. Liberty Ins. Underwriters, Inc.*, 2018 U.S. Dist. Lexis 110332, at *2-3 (D. Nev. July 2, 2018) (quoting *Pee Wee's Big Adventure* (Warner Bros. 1985)).

Accordingly, both the motion for sanctions and the countermotion for sanctions are **DENIED** without prejudice. The Court will not provide *ad infinitum* opportunities to present motion practice that comports with the minimal requirements for litigating in federal court. **Moving forward, insufficiently supported motions will be denied without further opportunity to renew them.**

IT IS SO ORDERED.

Dated: July 8, 2020

_____
Nancy J. Koppe
United States Magistrate Judge