1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                           **DISTRICT OF NEVADA**

10

11   DWIGHT PATENT 10945 MINING, LLC,              Case No.: 2:19-cv-01357-JAD-NJK

12            Plaintiff(s),                     **REPORT AND RECOMMENDATION**

13   v.

14   CITY OF NORTH LAS VEGAS,

15            Defendant(s).

16         Pending before the Court is the order for Plaintiff to show cause why the case should not

17   be dismissed for lack of subject matter jurisdiction.  Docket No. 66.  Plaintiff filed a response.

18   Docket No. 67.  Also pending before the Court is Plaintiff's motion to "amend" the complaint to

19   revive its dismissed claim against the United States.  Docket No. 68.[1]  For the reasons discussed

20   more fully below, the undersigned **RECOMMENDS** that the case be **DISMISSED** and that the

21   motion to amend be **DENIED**.

22   **I.     BACKGROUND**

23         This case involves a land dispute.  The complaint was filed on August 6, 2019.  Docket

24   No. 1.  On February 25, 2020, the Court ordered Plaintiff to show cause why several defendants,

25

26         [1] Plaintiff also references a desire to "refine" through amendment the allegations against
     the City of North Las Vegas.  Docket No. 67 at 3.  Given the lack of subject matter jurisdiction,
27   this aspect of Plaintiffs' request is moot.  Moreover, Plaintiff would not be entitled to an order
     allowing such relief in any event because no proposed amended complaint was attached to the
28   motion. *See* Local Rule 15-1(a).

                                        1

including the United States, should not be dismissed for failure to effectuate service. Docket No. 43 (citing Fed. R. Civ. P. 4(m)). Plaintiff did not respond to the order to show cause. On April 1, 2020, the undersigned issued a report and recommendation that the United States be dismissed for failure to effectuate service. Docket No. 49. Plaintiff did not object to the report and recommendation.

On April 15, 2020, United States District Judge Jennifer A. Dorsey adopted the report and recommendation. Docket No. 51. In so doing, Judge Dorsey held that Plaintiff's failure to timely effectuate service hindered the expeditious resolution of this case, obstructed the Court's management of its docket, and risked prejudicing the United States given the unreasonable delay. *Id.* at 2. As such, Judge Dorsey dismissed the United States.

On July 8, 2020, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 66. In particular, the Court noted that the complaint's asserted jurisdictional basis was the fact that the United States was named as a party, but that the United States had never been served and had been dismissed. *See id.* Plaintiff has responded to that order to show cause, invoking the liberal standards for amending the pleadings to add the United States back into the case through an "amendment" to the pleadings. Docket No. 67 at 3.

## II.   STANDARDS

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Federal courts have subject matter jurisdiction over cases in which the United States is a party. *See* U.S. Const., Art. III, § 2.[2] When jurisdiction is premised on the United States being one of the parties and the United States is subsequently dismissed, such cases are subject to dismissal for lack of subject matter jurisdiction. *E.g.*, *Agha v. U.S. Small Business Admin.*, 2014 WL 12539701, at *1 (S.D. Cal. Apr. 17, 2014).

---

[2] The Complaint also references 28 U.S.C. § 1332, but Plaintiff does not establish a basis for exercising diversity jurisdiction in this case.

### III.    ANALYSIS

Plaintiff brought suit alleging subject matter jurisdiction on the basis that the United States was a defendant named in the complaint, but the United States was never served, never appeared, and has been dismissed.  In responding to the pending order to show cause, Plaintiff does not dispute that subject matter jurisdiction is lacking in light of those facts.  Plaintiff instead seeks leave to amend the complaint to "re-assert its claims against the United States" because doing so would enable the Court to "retain subject matter jurisdiction."  *See* Docket No. 67 at 4.  The undersigned is not persuaded.

First, the United States was dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because Plaintiff failed to serve it over a period of several months.  *See* Docket No. 51 at 3.  Plaintiff does not provide any legal authority that it can skirt its service obligations by later seeking "amendment" of the pleadings to reinsert a dismissed defendant into the case.  *Cf. Ingram v. Ingram*, 2012 WL 11867302, at *3 (S.D. Fla. Aug. 2, 2012) (attempt to file an amended complaint "does nothing to cure Plaintiff's untimely service of process on Defendant").[3]  Plaintiff's motion instead amounts to a motion to reconsider the previous dismissal without attempting to establish any of the narrow grounds that would provide a basis to win such disfavored relief.  *E.g., School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Most strikingly, Plaintiff did not argue previously that good cause existed to extend the service deadline or that the United States should not otherwise be dismissed, and a motion to reconsider is not a vehicle for raising arguments that could have been raised earlier.

---

[3] Plaintiff contends that it has free rein to revive the United States as a party because it was dismissed "without prejudice."  *See* Docket No. 67 at 2-3.  Plaintiff does not meaningfully develop this argument, which constitutes forfeiture of the issue.  *E.g., Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996).  Nor does a preliminary analysis of the argument show that it would be likely to succeed if considered.  A dismissal for failure to timely effectuate service is "without prejudice," Fed. R. Civ. P. 4(m), which as a practical matter would generally allow for filing of a new suit if the circumstances would allow it.  Plaintiff has provided no legal authority that a dismissed and unserved defendant may later be re-added to the same case at any time based solely on the procedural coincidence that the case remains ongoing against another defendant.  Such a proposition seems at odds with the overarching requirement that a plaintiff must diligently prosecute its case.  *See* Fed. R. Civ. P. 41(b).  Such a proposition also seems at odds with the fact that Judge Dorsey has already held that Plaintiff unreasonably delayed in serving the United States and that such delay risks prejudice to the United States, Docket No. 51 at 2, and the unreasonableness of the delay and the risk of prejudice has only grown in the intervening months.

*E.g.*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  At any rate, Plaintiff does not provide persuasive explanation that the Court should reconsider the dismissal of the United States simply because Plaintiff belatedly realized that the dismissal could be fatal to its assertion of subject matter jurisdiction.

Second, even assuming that amending the pleadings is an appropriate vehicle for reactivating a dismissed defendant, Plaintiff has not met the applicable standards.  Plaintiff relies exclusively on the liberal standards related to amendment under Rule 15 of the Federal Rules of Civil Procedure.  Docket No. 67 at 3.  Plaintiff ignores the fact that the already-extended deadline to amend or add parties expired months ago, on May 26, 2020.  Docket No. 48 at 2.  Amendment is permissible now only if Plaintiff can also establish "good cause" to modify the scheduling order as required by Rule 16(b) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.* at 609.  In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*[4]  "If that party was not diligent, the inquiry should end."  *Id.*  Diligence is obviously absent here as the record demonstrates a complete lack of effort by Plaintiff to advance its claim against the United States.  The complaint naming the United States was filed a year ago, but Plaintiff never effectuated service.  When that shortcoming was identified and dismissal raised as a potential consequence, Plaintiff did not respond to the order to show cause.  Plaintiff continued to sit on its hands in the intervening months since the United States was dismissed, addressing the issue only when an order to show cause was issued as to why the whole case should not be dismissed for lack of subject matter jurisdiction.[5]  Plaintiff's

---

[4] The party seeking amendment bears the burden of establishing diligence.  *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

[5] Even then, Plaintiff's effort is half-hearted.  Faced with the dismissal of its case, Plaintiff filed a response containing a single page of argument.  Docket No. 67 at 3.

conduct is the antithesis of diligence.  Hence, even were the "amendment" sought permissible in general, the governing standards do not permit such relief in this case.[6]

**IV.    CONCLUSION**

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED** for lack of subject matter jurisdiction and that the motion for leave to amend be **DENIED**.

Dated: July 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[6] Although the analytical focus is on diligence, prejudice to the opposing party may also be considered.  *Johnson*, 975 F.2d at 608.  Judge Dorsey has already held that the unreasonable delay in this case has risked prejudice to the United States.  Docket No. 51 at 2.  While the lack of diligence alone warrants denial of the request to re-add the United States as a party, this potential prejudice further militates against allowing such relief.